IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BESSIE COLLINS,<br><br>　　　　　Plaintiff<br><br>　　　VS.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br><br>　　　　　Defendant | NO.  5:07-CV-472 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

# O R D E R

　　　This is a review of a final decision of the Commissioner of Social Security denying plaintiff BESSIE COLLINS' claim for benefits under the Social Security Act, 42 U.S.C. § 423. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

## PROCEDURAL HISTORY

　　　Plaintiff Collins filed applications for disability insurance benefits and supplemental security income benefits on December 29, 2004, alleging disability since March 1, 2004, due to lumbar scoliosis, multiple sclerosis, and borderline intellectual functioning. (T - 53). Her claim was denied initially and upon reconsideration. (T - 41-42, 376, 382). A hearing was held before an ALJ in Macon, Georgia on November 16, 2006. (T - 388-413). Thereafter, in a hearing decision dated May 22, 2007, the ALJ determined that the plaintiff was disabled beginning March 1, 2004 through March 31, 2005, but that as of April 1, 2005, she experienced medical improvement related to her ability to work and thereafter retained the residual functional capacity for at least unskilled sedentary work with certain restrictions. (T - 24-34). The Appeals Council denied review on November 6, 2007, making the May 2007, decision the final decision of the Commissioner. (T - 9-11).

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

## DISCUSSION

Plaintiff Collins argues that the ALJ erred in failing to find that her conditions met or equaled Listing 11.09, erred in finding that her condition had improved as of April 1, 2005, and erred in assessing her residual functional capacity.

## LISTING 11.09

In order to establish that her impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

The plaintiff, twenty-six (26) years of age at the time of the hearing before the ALJ, argues that the ALJ erred in failing to find that she suffers from multiple sclerosis which meets Listing 11.09. Listing 11.09 provides for a finding of disability based on

> *Multiple sclerosis [w]ith:*
>
> *A. Disorganization of motor function as described in 11.04B; or*
>
> *B. Visual or mental impairment as described under the criteria in 2.02, 2.03, 2.04, or 12.02; or*
>
> *C. Significant, reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process.*

3

The ALJ found that plaintiff Collins suffered from severe impairments in the form of lumbar scoliosis, a neuromuscular disease and borderline intellectual functioning. (T - 28). He noted Dr. Jaquez's December 2006 opinion that the plaintiff met Listing 11.09, but relied on the finding that the "*medical record does not establish multiple sclerosis with disorganization of motor function with substantial muscle weakness on repetitive activity,*" as required by Listing 11.09, and thus the listing was not met or equaled. (T - 28).

The ALJ's finding that the plaintiff's condition did not meet or equal Listing 11.09 is supported by substantial evidence. The record does not reveal or confirm a definite diagnosis of multiple sclerosis, only that such a diagnosis is or has been "possible." Plaintiff's treating physician, Dr. Jaquez, seems to rely on past medical records in issuing a December, 2006 opinion of disability, citing plaintiff's disabling diagnosis as "Multiple Sclerosis— possible primary progressive MS". (T - 372). Prior treatment records from the Shepherd Center reference a diagnosis of "spastic paraparesis," and "possible primary progressive multiple sclerosis," although other notes indicate that there is "[n]o definite evidence of primary, progressive multiple sclerosis, but not completely ruled out," as well as revealing that "[t]he workup for MS has been negative." (T - 308, 354, 356). Dr. Jaquez does not point to any new or intervening diagnosis of multiple sclerosis or to any treatment notes that reveal such a definitive diagnosis. Accordingly, the ALJ's finding that the plaintiff's condition did not meet or equal Listing 11.09 was proper and is supported by substantial evidence.

IMPROVEMENT

Plaintiff Collins also argues that the ALJ erred in finding that she had experienced medical improvement to the point of being able to sustain work activity. Pursuant to the Commissioner's regulations promulgated at 20 C.F.R. § 404.1594, the Administration must follow an eight (8)-step evaluation process to determine whether a claimant's disability status has ceased. Section 404.1594 provides generally that in order to find the claimant no longer disabled, the Commissioner must find that there has been medical improvement in the claimant's condition that is related to his ability to work. Medical improvement is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594 (b)(1). A determination that there has been such a decrease must be based on changes in the claimant's symptoms, signs, or laboratory findings. This court must review the Commissioner's final decision in terms of both the eight-step analysis *and* the substantial evidence standard. The appropriate inquiry is "whether the [Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence." *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir. 1983).

The ALJ herein found that the plaintiff had experienced medical improvement and was no longer disabled as of April 1, 2005, and that, as of that date, she "*had the residual functional capacity for at least sedentary work allowing her to alternate sitting and standing and maneuver about the workplace with a cane, crutch or walker, if necessary, at the unskilled work level (simple, repetitive tasks).*" (T - 31). He noted that plaintiff suffered from nausea with vomiting, gait difficulties, and depression during 2004, but that she began regaining weight in 2005, along with improved ability to walk and general improvement in her physical sense of well being.

At the hearing before the ALJ in 2006, plaintiff Collins testified that she no longer required a urinary catheter, that she takes medication for back pain, and that she wears a right ankle brace. (T - 398-400). Although the plaintiff points to continued difficulties with her gait and fatigue, the ALJ accounted for these symptoms in limiting her to sedentary work with sitting and standing restrictions. The ALJ's conclusion that as of April 1, 2005, the plaintiff's physical conditions had improved to the point that she could resume sedentary, restricted work activity is supported by substantial evidence.

## RESIDUAL FUNCTIONAL CAPACITY

Finally, the plaintiff argues that the ALJ erred in assessing her residual functional capacity and failed to make specific credibility findings. She relies on the conclusions of disability issued by two (2) consultative physicians who issued residual functional capacity assessments. However, the ALJ clearly and specifically discredited these opinions as inconsistent with the objective medical record. (T - 28). In regard to the findings regarding the plaintiff's credibility, the ALJ properly discredited the plaintiff's statements of total disability based on their inconsistency with the objective medical record which showed that plaintiff suffered from weakness and fatigue but not complete immobility. In making credibility determinations regarding a claimant's accounts of pain and other symptoms, the ALJ may not reject a claimant's subjective accounts without providing explicit reasons for doing so. *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The ALJ herein adequately and properly discredited the opinions of the two (2) consultative physicians, as well as the statements of the plaintiff.

The Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards. For the foregoing reasons, **IT IS ORDERED** that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).

SO ORDERED AND DIRECTED, this 26th day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE